# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:11-CV-396-RJC-DSC

| | |
|---|---|
| BRANDEN POWNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FEDERAL BOND COLLECTION | ) |
| SERVICES, INC., MIDLAND CREDIT | ) |
| MANAGEMENT, INC., CAPITAL | ) |
| ONE BANK (USA), N.A., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court following the pro se Plaintiff's failure to respond to the Court's "Order to Show Cause" (document #26) entered on February 23, 2012.

After Plaintiff failed to respond to Defendants' "Motion to Dismiss ... For Lack of Prosecution" (document #25) filed February 1, 2012, and attempting to give Plaintiff every reasonable opportunity to prosecute his claims in this matter, the Court issued an "Order to Show Cause" (document #21). The Court ordered the Plaintiff "[o]n or before March 21, 2012 ...[to] **SHOW CAUSE** why the Complaint should not be **DISMISSED** for failure to prosecute this action. The Plaintiff is warned that failure to make a timely response to this Order to Show Cause may result in **DISMISSAL** of this lawsuit **WITH PREJUDICE**." Document #26 at 2 (emphasis in original).

As stated above, Plaintiff has not responded to the Court's Order or requested additional time in which to respond.

A District Court has the inherent authority to dismiss a case for failure to prosecute, and Rule

41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Because dismissal is a severe sanction, the District Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit therefore requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Applying these legal principles, the Court concludes that dismissal for failure to prosecute is the appropriate remedy for Plaintiff's failure to respond to the Court's Order or to Defendants' Motion to Dismiss. Given Plaintiff's decision to abandon his claims for all practical purposes, the undersigned finds no reason to believe that any less severe sanction would be effective.

For this reason, as well as for the reasons stated in Defendants' "Brief in Support ... " (document #25-1), the undersigned respectfully recommends that Defendants' Motion be granted and the Complaint be dismissed with prejudice.

**ORDER**

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

**RECOMMENDATION**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' "Motion to Dismiss ... For Lack of Prosecution" (document #25) be **GRANTED** and

that the Complaint be **DISMISSED WITH PREJUDICE** as a sanction for Plaintiff's failure to prosecute this action.

### NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to defense counsel; to the pro se Plaintiff; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: March 23, 2012

David S. Cayer
United States Magistrate Judge