| | |
|---|---|
| BRANDEN POWNS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )       <u>ORDER</u> |
| | ) |
| FEDERAL BOND COLLECTION | ) |
| SERVICES, INC; MIDLAND CREDIT | ) |
| MANAGEMENT, INC., CAPITAL ONE | ) |
| BANK USA, N.A., | ) |
| | ) |
|     Defendants. | ) |

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss for Lack of Prosecution, (Doc. No. 25), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 27), recommending the dismissal of this action with prejudice.

On August 16, 2011, pro se Plaintiff Branden Powns ("Plaintiff") filed a Complaint, (Doc. No. 1), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Defendants answered and counterclaimed for the underlying $1,733.29 debt and for attorneys' fees, serving Plaintiff on November 11, 2011. (Doc. No. 22). Plaintiff's response to Defendants' counterclaims was due on December 5, 2011, but Plaintiff has failed to respond to the counterclaims or file anything with the Court.

On January 4, 2012, the Court ordered that the parties hold an Initial Attorneys' Conference by January 18, 2012, pursuant to Local Rule 16.1. Defendants attempted to contact Plaintiff to arrange the conference, but Plaintiff did not respond. <u>See</u> (Doc. No. 25-1 at 1). On January 18, 2012, Defendants filed a motion for an extension of time to hold the conference.

(Doc. No. 23). The Court granted the motion and gave the parties until February 1, 2012 to hold the conference. (Doc. No. 24). Between January 18, 2012 and February 1, 2012, Defendants made several more attempts to contact Plaintiff, including several phone calls, emails, and a written letter to Plaintiff. <u>See</u> (Doc. No. 25-1 at 2). Plaintiff did not respond. <u>See</u> (<u>id.</u>). On February 1, 2012, Defendants filed a Motion to Dismiss for Lack of Prosecution. (Doc. No. 25).

On February 23, 2012, the Magistrate Judge entered an Order directing Plaintiff to show cause why this action should not be dismissed for failure to prosecute. (Doc. No. 26). The Magistrate Judge warned Plaintiff that failure to timely respond may result in dismissal of the lawsuit with prejudice. (<u>Id.</u>). Plaintiff failed to respond and, on March 23, 2012, the Magistrate Judge recommended dismissal of this action. (Doc. No. 27). Plaintiff did not timely object to the Magistrate Judge's recommendation.

Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

It is Plaintiff's burden to move this case forward, and Plaintiff has failed to do so. Plaintiff's Complaint, (Doc. No. 1), is dismissed.

The Court further notes that Plaintiff's time for responding to Defendants' counterclaims has expired. However, Defendants have not filed a motion for entry of default on their counterclaims. <u>See</u> Fed. R. Civ. P. 55(a). It is Defendants' burden to pursue their counterclaims and Defendants will be required to take appropriate action within 14 days.

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's M&R, (Doc. No. 27), is **ADOPTED** and all of Plaintiff's claims against all Defendants are **DISMISSED with**

**prejudice**.

   **IT IS FURTHER ORDERED** that Defendants shall filed a Motion for Entry of Default

on their counterclaims within 14 days. **FAILURE TO FILE SUCH A MOTION WITHIN 14**

**DAYS WILL RESULT IN DISMISSAL OF ALL COUNTERCLAIMS AGAINST**

**PLAINTIFF.**

     Signed: April 13, 2012

     Robert J. Conrad, Jr.
     Chief United States District Judge